# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION ANDERSON, | Case No. 1:13-cv-00378-AWI-DLB PC |
| Plaintiff, | **ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND** |
| v. | |
| M. KIMBRELL, et al., | (ECF Nos. 1 & 8) |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

## I. Background

Plaintiff Dion Anderson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On March 15, 2013, Plaintiff filed the Complaint, which is presently before the Court for screening. (ECF No. 1.) On April 17, 2013, Plaintiff filed a motion for clarification. (ECF No. 8.) As to Plaintiff's motion for clarification, the Court will provide Plaintiff with detailed instructions as to how to proceed if and when the Court determines he has stated a cognizable claim.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2).

1

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.   **Summary of Complaint**

Plaintiff was incarcerated at Corcoran State Prison ("CSP") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: M. Kimbrell (litigation coordinator), A. Gultierez (mailroom supervisor), and T. Jones (trust account supervisor).

Plaintiff alleges the following. On June 29, 2013, Defendant Kimbrell was served with a "Proof of Service by Mail," notifying the prison that an action was commenced in the Hanford Courthouse. On August 30, 2012, Eric Rivera, custodian of records of the government claims program, was contacted by the Deputy Attorney General to inquire about Plaintiff's claim. On September 5, 2012, Plaintiff was notified that he had to file his government claim before the six-month time period expired. On September 20, 2012, Plaintiff's government claim with two attached copies was sent to the Trust Account Office for processing Plaintiff's fee waiver application.

On September 27, 2012, Defendant Kimbrell returned Plaintiff's government claim and requested that he attach an unspecified fee waiver form. Because Plaintiff had already attached the fee waiver form, he rerouted his documents back to the Trust Account Office. Officer Hayward personally attests that he sent Plaintiff's mail to the mailroom that evening. On September 30, 2012, Plaintiff sent the government claims board a partial copy of his claim and requested that they record the filing and provide him with the case number.

On October 15, 2012, the claims board notified Plaintiff that his claim was received on

October 3, 2012, but that they had not yet received his fee waiver in order to process the claim. Plaintiff alleges that defendants violated CSP's mail policy while handling his documents because his legal documents never arrived at the government claims board. Defendants were responsible for the loss or destruction of Plaintiff's legal documents.

Plaintiff requests monetary damages as relief.

### III. Analysis

#### A. Access to Courts

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009). Prison officials may not actively interfere with an inmate's right to litigate. *Silva*, 658 F.3d at 1101-02. However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis*, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012); *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); *Lewis*, 518 U.S. at 351; *Phillips*, 588 F.3d at 655.

Here, Plaintiff's conclusory allegations are insufficient to support a claim that Defendants M. Kimbrell, A. Gultierez, and T. Jones were the proximate cause of an actual injury. It is unclear what, if any, injury Plaintiff suffered or how Defendants were responsible for the any injury. Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff has not made any specific allegations as to how Defendant Gultierez and Jones were involved with his mail at any time.

### IV. Conclusion and Order

Plaintiff fails to state any cognizable federal claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended

complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. Aug. 29, 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order;

3. Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 17, 2013**                         /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE