# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION ANDERSON<br><br>         Plaintiff<br><br>     v.<br><br>M. KIMBRELL, et al.,<br><br>         Defendants. | CASE No. 1:13-cv-00378-AWI-DLB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>ORDER REQUIRNG PLAINTIFF TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 11)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Dion Anderson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983 on March 15, 2013. On October 18, 2013, the Court issued a screening order dismissing the complaint, with leave to amend, for failure to state a claim. (ECF No. 10.) On November 12, 2013, Plaintiff filed a motion for reconsideration to the District Judge on the Court's screening order. (ECF No. 11.)

Reconsideration motions are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are

either clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); *see also Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

   A Magistrate Judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed.  *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003).  The "'clearly erroneous' standard is significantly deferential." *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.,* 508 U.S. 602, 623, 113 S.Ct. 2264 (1993).

   The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge.  *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd Cir.1992); *Green*, 219 F.R.D. at 489; *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); *Surles v. Air France*, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); *see Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

   The Magistrate Judge's ruling was neither clearly erroneous nor contrary to law.  Plaintiff cites to *Brewer v. Wilkenson,* 3 F.3d 816 (5th Cir. 1993) in support of his motion for reconsideration.  Plaintiff correctly  notes his right to access to the courts.  However, the Magistrate Judge correctly dismissed the complaint, with leave to amend, for failure to show that Defendants were the proximate cause of an actual injury.  The Court previously provided Plaintiff with the appropriate legal standards for his claims and granted leave to amend the complaint

   Accordingly, IT IS HEREBY ORDERED that:

   1.  Plaintiff's motion for reconsideration is hereby DENIED;

   2.  The Clerk's Office shall send Plaintiff a civil rights complaint form;

1      3.      Within thirty (30) days from the date of service of this order, Plaintiff must file an amended comaplint; and

4.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:    January 2, 2014                 _____

                                                       SENIOR  DISTRICT  JUDGE