# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION ANDERSON,<br><br>   Plaintiff,<br><br>   v.<br><br>M. KIMBRELL, et al.,<br><br>   Defendants. | Case No. 1:13-cv-00378-AWI-DLB PC<br><br>**FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF SECOND AMENDED COMPLAINT**<br><br>(ECF No. 27)<br><br>21-DAY DEADLINE |

I. **Background**

Plaintiff Dion Anderson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On March 15, 2013, Plaintiff filed the Complaint. On October 18, 2013, the Court screened and dismissed the complaint with leave to amend for failure to state a cognizable claim for relief. On November 12, 2013, Plaintiff filed a motion for reconsideration. The motion for reconsideration was denied on January 3, 2014. Plaintiff appealed to the Ninth Circuit Court of Appeals, and the appeal was denied on March 24, 2014. On February 6, 2014, Plaintiff filed a First Amended Complaint. Plaintiff filed a motion for leave to file a Second Amended Complaint on March 24, 2014, along with a lodged Second Amended Complaint. On August 26, 2014, the Court granted Plaintiff's motion and ordered the Second Amended Complaint to be filed. The Second Amended Complaint is presently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.   Summary of Complaint

Plaintiff was incarcerated at Corcoran State Prison ("CSP") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: M. Kimbrell (litigation coordinator), A. Gultierez (mailroom supervisor), and T. Jones (trust account supervisor).

Plaintiff alleges the following. On April 4, 2012, Plaintiff was issued a Rules Violation Report ("RVR") for assaulting a correctional officer. On April 24, 2012, Plaintiff was found guilty by the Senior Hearing Officer and his case was referred to the Kings County District Attorney's Office for criminal prosecution.

On July 7, 2012, Plaintiff initiated a grievance that was classified as a general appeal. Plaintiff also initiated a civil action in the Kings County Superior Court. Plaintiff was notified that he was required to file a state tort claim within a given amount of time. On September 20, 2012, Plaintiff sent via mail his original government claim with two copies attached to CSP's Trust Department, requesting that they process the Fee Waiver Application that was enclosed. Plaintiff

1 also sent via mail additional copies to the Kings County Superior Court and the Deputy Attorney
2 General for verification of Plaintiff's timely filing. However, on September 27, 2012, Plaintiff's
3 original documents with attached copies were returned by CSP's Litigation Coordinator, Defendant
4 Kimbrell, specifying that Plaintiff needed to attach an unspecified fee waiver form that did not
5 accompany the general claim form.

6 On September 27, 2012, Plaintiff rerouted the documents back to the Trust Office, and he
7 had Officer Hayward verify on a CDCR-22 form that Plaintiff had hand-delivered his legal mail to
8 him on this date. Plaintiff also sent via mail a partial copy of his original documents to the State
9 Board in order to effect timely submission and to receive a case number. He also notified the State
10 Board that his fee waiver and originals would arrive shortly.

11 On October 15, 2012, Plaintiff was notified by the State Board that his submission had been
12 received and his case number assigned; however, the State Board had not received a Fee Waiver.
13 Subsequently, Plaintiff filed a 602 to the CSP Appeals Coordinator. The appeal was returned
14 advising Plaintiff that it was his fault that no Fee Waiver was received by the State Board and that
15 Plaintiff had shown no evidence that the mailroom, Trust Office, or Litigation Coordinator were
16 responsible for intentional loss or destruction of his documents.

17 On November 29, 2012, Plaintiff was charged in the Kings County Superior Court for
18 assault, but the case was later dismissed.

19 Plaintiff requests monetary relief.

**III.    Analysis**

    **A.     Access to Courts**

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009). Prison officials may not actively interfere with an inmate's right to litigate. *Silva*, 658 F.3d at 1101-02. However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis*, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 132 S.Ct.

3

1823 (2012); *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); *Lewis*, 518 U.S. at 351; *Phillips*, 588 F.3d at 655.

Here, Plaintiff's conclusory allegations are insufficient to support a claim that Defendants M. Kimbrell, A. Gultierez, and T. Jones were the proximate cause of an actual injury. Plaintiff speculates that his documents were intentionally destroyed or lost. In addition, he admits he does not know who was responsible or how any Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Furthermore, it is unclear what, if any, injury Plaintiff suffered or how Defendants were responsible for any injury insofar as Plaintiff admits that his criminal case was ultimately dismissed. Therefore, Plaintiff fails to state a claim for relief. Plaintiff has already been notified of these deficiencies, and he has already been granted opportunities to cure them. Accordingly, the Court will recommend that the Second Amended Complaint be dismissed without leave to amend.

### B. Supervisor Liability

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *accord Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Snow*, 681 F.3d at 989) (internal quotation marks omitted); *accord Lemire*, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Here, Plaintiff fails to show how any Defendant was personally involved in the alleged constitutional deprivation. In addition, Plaintiff fails to demonstrate any causal connection between

a supervisor's wrongful conduct and the constitutional deprivation. Therefore, Plaintiff fails to state a claim under the theory of supervisor liability.

## IV. Conclusion and Recommendation

Plaintiff's Second Amended Complaint fails to state any cognizable federal claims against any Defendants and should be dismissed. Plaintiff was previously provided with leave to amend and based on the nature of the deficiencies, further leave to amend is not warranted. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez*, 203 F.3d at 1130.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one (21) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 22, 2015**           /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE